IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TWIN CREEK ENVIRONMENTAL
SERVICES, LLC,

      Plaintiff,

v.                                                    Case No. 17-2633-JTM-GEB

PACE ANALYTICAL SERVICES, LLC,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Twin Creek Environmental Services, LLC entered into an oral contract with defendant Pace Analytical Services, LLC to perform environmental testing. Plaintiff alleges that defendant made errors during its testing, which caused the Kansas Department of Health and Environment ("KDHE") to initiate an enforcement action and levy monitoring fees and financial penalties against plaintiff. Plaintiff filed this action in the District Court of Johnson County, Kansas, which defendant subsequently removed to this court. The matter is now before the court on defendant's motion to dismiss for failure to state a claim, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) (Dkt. 5). Defendant also contends that plaintiff's claims are barred by the applicable statute of limitations. For the reasons stated below, defendant's motion to dismiss is granted, however, plaintiff is granted leave to amend its complaint.

### I. Factual Background

In June 2014, plaintiff contracted with defendant to perform testing on various samples collected from plaintiff's property. Defendant was to determine whether plaintiff's samples contained harmful chemicals, and if so, the quantities of the harmful chemicals.

On or about June 21, 2014, plaintiff provided the samples to defendant. Defendant performed laboratory analytical testing and determined that plaintiff's samples tested positive for acetone in amounts greater than allowed. Defendant reported its findings to plaintiff, who in turn asked defendant to re-test the samples for the presence of acetone and methylene chloride. Upon re-test, defendant discovered that laboratory contaminants from its facilities resulted in false positives or results showing a higher concentration of certain hazardous chemicals than initially reported. Defendant notified plaintiff of the erroneous test results by letter dated August 5, 2014. Defendant's letter reported that the presence of methylene chloride was accurate in three samples, but the other results showing the presence of methylene chloride were false. The presence of acetone could not be explained.

Defendant did not request payment from plaintiff for the testing; nor did it communicate further with plaintiff. However, defendant—without plaintiff's permission or knowledge—forwarded the first batch of test results to KDHE. Plaintiff alleges that KDHE used these flawed tests to prosecute plaintiff. Plaintiff alleges that defendant changed its position, and informed KDHE that the original results were correct to gain business from the State of Kansas.

Defendant's actions, plaintiff alleges, were beyond the scope of their agreement and its representations were fraudulent. Plaintiff asserts that it relied on defendant's misrepresentations to its detriment, and seeks relief for breach of contract, violation of defendant's duty of good faith and fair dealing, and fraud.

## II.     Legal Standards

*Fed. R. Civ. P. 12(b)(6)*

"To survive a motion to dismiss, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1106–07 (10th Cir. 2016), *cert. denied sub nom. Lockett v. Fallin*, 137 S. Ct. 2298 (2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the non-moving party. *See Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Moreover, "[t]he tenet that a court must accept as true all of the allegations contained a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

3

*Fed. R. Civ. P. 9(b)*

With respect to fraud, plaintiff must plead its claim with particularity. Fed. R. Civ. P. 9(b) (the rule requires a party when "alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or mistake"). The rule's purpose "is 'to ensure that the complaint provides the minimum degree of detail necessary to begin a competent defense.'" *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015) (quoting *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 478 n.2 (6th Cir. 2014)).

A fraud claim "must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements[,] and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)). This pleading standard requires "[a]t a minimum . . . the who, what, when, where, and how of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (citations and internal quotation marks omitted).

### III.   Statute of Limitations

Plaintiff alleges that defendant notified it of the erroneous test results by letter dated August 5, 2014, which was the parties' last communication regarding the accuracy of the test results. Defendant asserts that plaintiff's claims are time-barred because it filed its petition in state court on September 19, 2017—over three years later.

The statute of limitations is an affirmative defense, however, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of showing why its claims are timely. *See Aldrich v. McCulloch Props., Inc.*,

627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *Gallup Med Flight, LLC v. Builders Tr. of N.M.*, 240 F. Supp. 3d 1161, 1196 (D.N.M. 2017). "Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." *Aldrich*, 627 F.2d at 1041 n.4 (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 606-08 (1969)).

The court sits in diversity, and therefore, applies Kansas choice-of-law-rules—which "requires Kansas courts to 'appl[y] [their] own statutes of limitations to actions before [them].'" *Patterson v. Williams*, 500 F. App'x 792, 794 (10th Cir. 2012) (quoting *Muzingo v. Vaught*, 859 P.2d 977, 980 (Kan. Ct. App. 1993)). Kansas's statute of limitations for breach of an oral contract (including the derivative claim of breach of good faith and fair dealing) is three years. *Id.*; Kan. Stat. Ann. § 60-512.

Kansas applies a two-year-statute-of-limitations period to an action for relief based on fraud. Kan. Stat. Ann. § 60-513(a)(3). "A claim in a fraud lawsuit accrues at the later of: (1) the time of the negligent/fraudulent act; (2) when the plaintiff suffers substantial injury (that is reasonably ascertainable); or (3) when the plaintiff discovers, or should have discovered, the essential material facts of the fraud." *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 257 F. Supp. 2d 1344, 1349 (D. Kan. 2003).

Plaintiff alleges in its complaint that it was damaged by defendant's actions and omissions, and its damages continue to accrue through the date of the petition and beyond. In its response brief, plaintiff claims that it did not know that defendant performed additional work or that defendant deliberately concealed the true analytical results until August 30, 2017. Plaintiff also attached email exchanges between defendant's general manager and KDHE's environmental attorney discussing the test

5

results in February and March 2017. But these attachments are extrinsic evidence because they are not referenced in the complaint. The court will not convert defendant's motion to dismiss to one for summary judgment, and will not consider plaintiff's Exhibits B, C, or D at this juncture.

KDHE inspectors began examining plaintiff's property in May 2014, and continued inspections into February 2015. (Dkt. 1-4). KDHE sent plaintiff several notices identifying various violations. Thus, plaintiff's complaint is too vague as to the nature of the alleged fraud committed by defendant and when it discovered the essential material facts as to the fraud.

Furthermore, plaintiff does not provide any basis as to why its breach of contract and derivative breach of good faith and fair dealing claims are not time-barred. In Kansas, fraudulent concealment only tolls the time in which a fraud action may be filed; the concealment does not toll the statute of limitations for an action founded on contract. *Freebird, Inc. v. Merit Energy Co.*, 883 F. Supp. 2d 1026, 1036 (D. Kan. 2012).

Plaintiff's petition states that the parties entered into an agreement in June 2014. On two separate occasions, defendant tested the samples and sent plaintiff the results in accordance with this agreement. Plaintiff alleges that defendant did not communicate with it about the test results after August 5, 2014. "[T]he law in Kansas is well-settled that breach of contract accrues at the time of the alleged breach regardless of the knowledge of the breach by the plaintiff at the time." *Schneider v. Citibank, NA*, No. 13-4094-SAC, 2014 WL 219339, at *6 (D. Kan. Jan. 21, 2014). Although plaintiff claims that defendant continued to do additional testing without plaintiff's permission, it is not clear

6

from the complaint how this would extend the statute of limitations on plaintiff's breach of contract claim past August 5, 2017. Therefore, defendant's motion to dismiss is granted as to plaintiff's claims.

### IV. Leave to Amend

Plaintiff seeks leave to file an amended complaint. Under Rule 15(a), a motion to amend a complaint should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court does not find any undue delay or bad faith on plaintiff's part, however, plaintiff did not submit a proposed amended complaint. *See* D. Kan. R. 15.1. Thus, the court cannot tell at this stage whether amendment would be futile.

**IT IS THEREFORE ORDERED** this 5th day of March, 2018, that defendant's motion to dismiss for failure to state a claim (Dkt. 5) is granted. However, plaintiff is granted leave to amend. Plaintiff shall file its amended complaint within two weeks from the date of this order in accordance with D. Kan. Rule 15.1.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE