IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TWIN CREEK ENVIRONMENTAL
SERVICES, LLC,

      Plaintiff,

v.                                          Case No. 17-2633-JWB

PACE ANALYTICAL SERVICES, LLC,

      Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendants' motion to dismiss Plaintiff's amended complaint for failure to state a claim. (Doc. 13.) The motion has been fully briefed and is ripe for decision. (Docs. 14, 19, 20.) Defendants' motion is DENIED for the reasons set forth herein.

**I.    Motion to Dismiss Standards**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support its claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## II. Facts and Procedural History

Plaintiff Twin Creek Environmental Services, LLC, is engaged in full service environmental management throughout the Midwest. In mid-June 2014, Plaintiff contracted with Defendant Pace Analytical Services, LLC, to perform environmental testing on samples taken from barrels that had been dumped on its property by a third party. Defendant was to perform tests to determine if certain harmful chemicals were present and if the amounts present violated standards set by the United States Environmental Protection Agency (EPA). On June 21, 2014, Plaintiff delivered samples to Defendant for testing. (Doc. 12 at 1-2.)

The results of the testing showed the presence of acetone and methylene chloride in amounts that were greater than EPA limits. Plaintiff received the initial test results in July 2014. Plaintiff asked Defendant to retest the samples. On August 5, 2014, Defendant notified Plaintiff that laboratory contaminants resulted in false positives or results with a higher concentration.[1] Notably, except for three samples, the methylene chloride results were false. Defendant stated that it was unable to explain the acetone results. The letter did not include the retested sample results or any notes regarding the testing by Defendant's employees. (Doc. 12 at 3.)

Defendant did not send any additional documentation to Plaintiff regarding the accuracy of the test results or any further testing performed on the samples. On an unknown date and without Plaintiff's knowledge or permission, Defendant forwarded the initial test results to the Kansas Department of Health and Environment (KDHE). KDHE had also tested samples from the barrels. KDHE's tests, however, did not produce any valid results. Defendant continued to

---

[1] Defendant's notification regarding the testing is addressed to Ron Wood at Petro Con. (Doc. 12, Exh. A.) The letter, however, references the Twin Creek Pace Project. Defendant contends that the court should not allow Plaintiff to obfuscate the facts by failing to allege how Plaintiff received the letter when it was not addressed to Plaintiff. (Doc. 14 at 3.) Defendant, however, does not challenge the authenticity of the letter. Moreover, whether the letter was sent directly to Plaintiff or learned of through a third party does not affect any issue on the instant motion. Therefore, Plaintiff has not obfuscated a fact in order to survive a motion to dismiss.

communicate with KDHE regarding the test results without informing Plaintiff of the same. Defendant also allegedly provided KDHE with the complete analytical documentation regarding the testing. Plaintiff alleges that Defendant told KDHE that the initial test results were correct. Defendant, however, failed to inform Plaintiff that it had again reversed its opinion. Plaintiff contends that the chemical analysis was "corrupt and void due to the internal conditions and equipment contained in Pace's laboratory." (Doc. 12 at 4.)

In July 2016, KDHE relied on the initial test results to initiate an enforcement action and levy monitoring fees and financial penalties against Plaintiff for hazardous waste violations. During the administrative proceedings, the parties engaged in discovery. Plaintiff alleges that Defendant failed to respond to document requests and did not provide all documents requested. In August 2017, Plaintiff deposed Dave Neal, Defendant's General Manager. At the deposition, Neal provided additional documents to Plaintiff that allegedly show that Defendant "conspired with KDHE to conceal the discredited results from [Plaintiff]." (Doc. 12 at 6.)

Additionally, Defendant performed further analysis of the samples as late as February 2017. Plaintiff alleges that the analysis showed that the initial results were even less reliable than stated in the August 2014 letter. Plaintiff alleges that Defendant refused to disclose these results to Plaintiff and never informed Plaintiff that it reanalyzed the samples. Defendant did not charge Plaintiff for the additional testing and analysis. Plaintiff alleges that this was due to Defendant's intent to conceal the additional testing from Plaintiff. Plaintiff was unable to discover Defendant's concealment until the deposition of Neal in August 2017. (Doc. 12 at 6-8.)

Plaintiff filed this action in state court on September 18, 2017, alleging claims of breach of contract, breach of good faith, and fraud. (Doc. 1.) Defendant timely removed the action to this court. Defendant moved to dismiss the complaint on the basis that it was barred by the statute of

3

limitations and failed to allege fraud with particularity. (Doc. 5.) Judge Marten granted the motion but allowed Plaintiff leave to amend. (Doc. 11.) Plaintiff filed an amended complaint on March 19, 2018. (Doc. 12.) Defendant now moves to dismiss the amended complaint. (Doc. 13.)

### III. Analysis

#### A. Fraud Claim

Defendant contends that Plaintiff's fraud claim should be dismissed for failure to plead with specificity, failure to show justifiable reliance and because it is barred by the statute of limitations. The court will address those arguments in turn.

##### i. Rule 9(b)

"In order to survive a motion to dismiss, an allegation of fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1203–04 (D. Kan. 2001). When facts are "peculiarly within the opposing party's knowledge," a plaintiff may comply with Rule 9(b) by stating allegations of fraud based on information and belief as long as the "complaint sets forth the factual basis for the plaintiff's belief." *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992).

Defendant contends that Plaintiff has failed to plead the who, what, why and when, concerning the allegations regarding fraud. The court agrees that Plaintiff has failed to adequately allege false representations pursuant to Rule 9(b). In the amended complaint, Plaintiff alleges that Defendant

> made knowing, intentional and deliberate fraudulent misrepresentations of material fact regarding the conditions of the laboratory and the character and accuracy of the test results reported to Twin Creek for detriment of Twin Creek and the benefit of Pace as more fully set forth above, and evidenced by Mr. Neal's sworn testimony at his deposition, as well as by the documents provided to by [sic] Pace to Twin Creek in response to a subpoena duces tecum in March 2017 as compared to the documents supplied on August 29, 2017 and

4

> thereafter, as counsel for Twin Creek had to follow up with Mr. Neal regarding documents reference [sic] but not provided during his deposition.

(Doc. 12 at 8.)

Although Plaintiff alleges, in conclusory fashion, that there were fraudulent misrepresentations regarding the "condition of the laboratory and the character and accuracy of the test results," Plaintiff fails to identify what statements were false. A review of the amended complaint sets forth extensive allegations regarding communications, concealment of testing and the various test results; however, Plaintiff fails to specifically identify which statements were false. Plaintiff's response does not assist the court. Plaintiff does not identify any facts alleged in the amended complaint that would support a claim of fraud due to fraudulent representations.

Instead of identifying how Plaintiff has stated a claim for fraud based on fraudulent misrepresentations, Plaintiff argues that the facts support a claim of fraud due to the allegations regarding Defendant's concealment of the "true results of the tests." (Doc. 19 at 9.) Plaintiff states that Defendant "knowingly and fraudulently concealed exculpatory findings from Twin Creek, which laid Twin Creek open to significant fines and penalties…." (Doc. 19 at 9-10.) Plaintiff's entire argument is based on the facts that were allegedly concealed from Plaintiff by Defendant. It seems that Plaintiff now takes the position, which is not necessarily inconsistent with the amended complaint, that Defendant's fraud was by concealment of material fact.

Viewing the amended complaint in a light most favorable to Plaintiff, Plaintiff alleges that Defendant fraudulently concealed information from Plaintiff regarding the testing. Plaintiff alleges upon information and belief that Defendant sent the initial results to KDHE, shared other information regarding the testing with KDHE, and withheld all of this from Plaintiff. In addition, Defendant allegedly performed additional analysis on the samples at some point and provided that information to KDHE but concealed it from Plaintiff even though the additional testing was

favorable to Plaintiff. Although Plaintiff does not allege the date of these events, as that knowledge would be peculiar to Defendant and KDHE, the allegations of fraudulent concealment are sufficient to comply with Rule 9(b) and apprise Defendant of the claims against it. *See Scheidt*, 956 F.2d at 967.

### ii. Failure to State a Claim

Defendant argues that Plaintiff has failed to adequately allege reliance in the amended complaint. In order to state a claim of fraud based on fraudulent concealment, Plaintiff must establish the following elements[2]:

> (1) The defendant had knowledge of material facts that the plaintiff did not have and could not have discovered by the exercise of reasonable diligence; (2) the defendant was under an obligation to communicate the material facts to the plaintiff; (3) the defendant intentionally failed to communicate to the plaintiff the material facts; (4) the plaintiff justifiably relied upon the defendant to communicate the material facts to the plaintiff; and (5) the plaintiff sustained damages as a result of the defendant's failure to communicate the material facts to the plaintiff.

*Stechschulte v. Jennings*, 297 Kan. 2, 21, 298 P.3d 1083, 1097 (2013).

Reviewing the amended complaint in a light most favorable to Plaintiff, the court finds that Plaintiff has plausibly stated a claim for fraudulent concealment.

Based on a liberal reading of the amended complaint, Defendant knew that it had sent the initial results to KDHE and knew about its representations to KDHE regarding the testing. Defendant also allegedly knew that its subsequent testing revealed problems with the testing but did not relay this information to Plaintiff. Plaintiff could not have discovered those facts until it learned about them during the administrative hearing.

Turning to the second element, the duty to disclose arises when "a contracting party who has superior knowledge, or knowledge that is not within the reasonable reach of the other party,

---
[2] As the court has determined that Plaintiff's allegations fail to state a claim based on fraudulent representations, the court will not address whether Plaintiff has failed to allege reliance on those statements.

6

has a legal duty to disclose information material to the bargain." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1205 (D. Kan. 2001). The factual allegations in the amended complaint would support a duty under this standard. As Defendant had entered into a contract with Plaintiff to test the samples, Defendant had a duty to inform Plaintiff about material facts regarding the testing as Defendant had superior knowledge regarding the testing and results. *See Progressive Nw. Ins. Co. v. Gant*, No. 15-9267-JAR-KGG, 2017 WL 2958571, at *8 (D. Kan. July 11, 2017).[3]

A liberal reading of the amended complaint supports a finding that Plaintiff has alleged the remaining elements.[4] At this stage, the court need not determine whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support its claim. *Beedle*, 422 F.3d at 1063. Construing the facts in a light most favorable to Plaintiff, the court finds that Plaintiff's amended complaint plausibly states a claim of fraudulent concealment.

### iii. Statute of Limitations

Defendant further asserts that Plaintiff's claim is barred by the statute of limitations. Kansas applies a two-year-statute-of-limitations period to an action for relief based on fraud. Kan. Stat. Ann. § 60-513(a)(3). "A claim in a fraud lawsuit accrues at the later of: (1) the time of the negligent/fraudulent act; (2) when the plaintiff suffers substantial injury (that is reasonably

---

[3] Defendant contends that Plaintiff's fraud claim fails to state a claim because it concerns conduct that occurred after the formation of the contract, citing *Muathe v. Fleming*, 16-CV-2108-JAR-GLR, 2016 WL 6822653, at *13 (D. Kan. Nov. 17, 2016). In *Muathe*, the court found that the plaintiff failed to allege reliance on the fraudulent statements as the parties had already entered into a contract and the allegations regarding reliance were conclusory. *Id.* In *Todd v. Wichita Fed. Sav. & Loan Ass'n*, 184 Kan. 492, 495, 337 P.2d 648, 650 (1959), the case cited in *Muathe*, the Kansas Supreme Court held that an action for fraud failed to state a claim when the false representations were made after the contract had been entered into and the plaintiff had already furnished goods and labor. Therefore, there was no reliance on the statement. The cases cited by Defendant are distinguishable as they include allegations of fraudulent misrepresentations and the plaintiffs failed to show reliance. Based on the discussion, *infra*, Plaintiff has sufficiently alleged reliance under the standard for concealment and a duty by Defendant to disclose material facts that were allegedly concealed.

[4] Plaintiff alleges damages resulting, in large part, from the administrative proceedings brought against it by the KDHE. The parties do not otherwise address the issue of damages in their briefs. The court offers no opinion on this issue at this point in the proceedings.

ascertainable); or (3) when the plaintiff discovers, or should have discovered, the essential material facts of the fraud." *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.,* 257 F. Supp. 2d 1344, 1349 (D. Kan. 2003). Because Plaintiff has alleged that it did not discover Defendant's activities and the extent of its involvement until the deposition in August 2017, the fraud claim is not barred by the statute of limitations.

### B. Remaining Claims

Plaintiff's response brief argues that the facts in the amended complaint support a claim of breach of contract and breach of good faith and fair dealing. (Doc. 19 at 9.) Defendant contends in its reply that Plaintiff failed to allege these claims in the amended complaint. (Doc. 20 at 5.) Although Plaintiff's initial complaint set forth those claims as separate counts against Defendant, Plaintiff's amended complaint does not. The amended complaint is titled "Amended Petition for Breach of Contract and Damages." (Doc. 12.) However, the amended complaint alleges only one count, a claim for fraud. Reviewing the allegations in the amended complaint, Plaintiff does make allegations regarding Defendant's duty under the contract in paragraph 45. (*See* Doc. 12 at 6) ("Defendant Pace had a duty to perform said testing in a competent, sterile and analytical manner and to communicate with its customer in a timely, complete and honest manner.") Plaintiff's allegations, however, do not cure the previous deficiencies identified by the court in that Plaintiff fails to show that the claim for breach of contract is not barred by the statute of limitations. (*See* Doc. 11 at 6.) Plaintiff fails to address this issue in its response and fails to identify the allegations in the amended complaint that establish a timely claim.

Therefore, Plaintiff's amended complaint fails to state a claim for breach of contract or breach of good faith and fair dealing.

### C. Motion to Amend

Finally, Plaintiff seeks leave to amend the amended complaint in the event that the court finds that it has failed to state a claim against Defendant. (Doc. 19 at 11-12.) The court has determined that Plaintiff's amended complaint will survive this motion to dismiss. Therefore, Plaintiff's motion to amend is denied as moot.[5]

## IV. Conclusion

Defendants' motion to dismiss (Doc. 13) is DENIED.

IT IS SO ORDERED this 12th day of July, 2018.

                                                                     s/ John W. Broomes
                                                                      JOHN W. BROOMES
                                                                      UNITED STATES DISTRICT JUDGE

---

[5] The court additionally finds that the request to amend is denied in that the proposed second amended complaint does not cure the deficiencies addressed in this order regarding the claims of fraudulent representations, breach of contract and breach of good faith. (Doc. 19, Exh. 1.)